Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-103 RAJ |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JOHNY MIXAYBOUA, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Elyne M. Vaught of the Western District of Washington and Johny Mixayboua and Mixayboua's attorney Andrew Kennedy enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a. *Theft of Government Property*, as charged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 641.

Plea Agreement - 1
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     b.    *Mail Theft*, as charged in Count 5 of the Indictment, in violation of Title 18, United States Code, Section 1708;

     c.    *Access Device – Illegal Transactions*, as charged in Count 7 of the Indictment, in violation of Title 18, United States Code, Section 1029(a)(5) and (c)(1)(a)(ii); and

     d.    *Unlawful Possession of a Firearm*, as charged in Count 8 of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense(s).** The elements of the offenses to which Defendant is pleading guilty are as follows:

     a.    *Theft of Government Property*, as charged in Count 1, are as follows:

          First, the Defendant knowingly stole property of value with the intention of depriving the owner of the use or benefit of the property;

          Second, the property belonged to the United States; and

          Third, the value of the property was more than $1000.

     b.    *Mail Theft*, as charged in Count 5, are as follows:

          First, there was mail in an authorized depository for mail matter;

          Second, the defendant took the mail from the authorized depository for mail matter; and

          Third, at the time the defendant took the mail, the defendant intended to deprive the owner, temporarily or permanently, of its use and benefit.

Plea Agreement - 2
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. *Access Device – Illegal Transactions*, as charged in Count 7, are as follows:

First, with an access device or devices issued to other persons, the defendant knowingly effected transactions;

Second, the defendant obtained through such transactions at any time during a one-year period a total of at least $1,000 in payments or any other thing of value;

Third, the defendant acted with intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

d. *Unlawful Possession of a Firearm*, as charged in Count 8, are as follows:

First, the defendant knowingly possessed a particular firearm;

Second, the defendant possessed the firearm in and affecting interstate commerce; and

Third, at the time Defendant possessed said firearm, Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knew he had been convicted of such a crime.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of *Theft of Government Property*, as charged in Count 1: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars.

b. For *Mail Theft*, as charged in Count 5: A maximum term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision

Plea Agreement - 3
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars.

  c.   For *Access Device – Illegal Transactions*, as charged in Count 7: A maximum term of imprisonment of up to 15 years, a fine up to $250,000, a period of supervised release of up to 3 years, and a mandatory special assessment of $100.

  d.   For *Unlawful Possession of a Firearm*, as charged in Count 8: a maximum term of imprisonment of up to 15 years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Plea Agreement - 4
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement - 5
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 6
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses and that all acts took place within the Western District of Washington:

        a.    On December 20, 2022, MIXAYBOUA used a Discover Card ending in 6731 belonging to A.J. and M.B. without their authorization, knowing that he was not permitted to use the card. Specifically, he used the card to make purchases at stores such as QFC, located in King County, Washington, incurring over $1,000 in unauthorized expenses. At the time of the unauthorized charges, the discover card was issued by a company outside the state of Washington.

        b.    Between December 28, 2022, and May 24, 2023, MIXAYBOUA unlawfully gained access to cluster box units (CBUs) in various locations throughout King County. MIXAYBOUA took mail from the CBUs that were addressed to others with the intention of depriving the true owner of the mail. MIXAYBOUA took the mail and threw it into his car and drove away without ever delivering the mail to the intended recipients.

        c.    On January 17, 2023, MIXAYBOUA drove away in a long-life vehicle (LLV) belonging to the United States Postal Service. The LLV was property that belonged to the United States Government, which had a value of more than $1,000. MIXAYBOUA was not employed by the USPS, nor was he authorized to operate the LLV. MIXAYBOUA drove away in the LLV while the mail carrier assigned to the LLV was away from the vehicle delivering mail to residences.

        d.    On February 7, 2023, MIXAYBOUA used a Target credit card belonging to S.T. without S.T.'s authorization. MIXAYBOUA used the Target credit

Plea Agreement - 7
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

card belonging to S.T. to make purchases at a Target store in King County totaling over $1,000, knowing that he was not permitted to do so. At the time of the unauthorized transactions, the Target credit card was issued by a company outside the state of Washington.

e. On May 24, 2023, law enforcement attempted to execute an arrest warrant on MIXAYBOUA. When law enforcement approached MIXAYBOUA by his car, MIXAYBOUA fled on foot. Law enforcement chased after him. While running away from law enforcement, MIXAYBOUA threw a firearm into the bushes. When officers searched the area MIXAYBOUA threw the firearm in, they found a Polymer-80, 9mm caliber handgun. MIXAYBOUA knowingly possessed the firearm in and affecting interstate commerce. MIXAYBOUA knew he had previously been convicted of felony offenses punishable by a term of imprisonment of at least one year, at the time he possessed the firearm. These felony offenses were:

> Three Counts of *Possession of a Stolen Vehicle,* Three Counts of *Attempt to Elude a Police Officer, and* one Count of *Theft of a Motor Vehicle,* in King County Superior Court, Washington, under cause number 18-1-02875-9, on or about December 7, 2018 (Sentenced to 29 months in custody);
>
> One Count of *Theft of a Motor Vehicle,* in King County Superior Court, Washington, under cause number 16-1-06331-1, on or about March 24, 2017 (Sentenced to 25 months in custody);
>
> One Count of *Possession of a Stolen Vehicle,* and one Count of *Bail Jumping,* in King County Superior Court, Washington, under cause number

Plea Agreement - 8
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16-1-02970-8, on or about March 24, 2017 (Sentenced to 25 months in custody);

One Count of *Taking a Motor Vehicle Without Permission in the Second Degree,* in King County Superior Court, Washington, under cause number 14-1-06434-5, on or about January 27, 2015 (Sentenced to 26 months in custody);

One Count of *Taking a Motor Vehicle Without Permission in the Second Degree,* in King County Superior Court, Washington, under cause number 14-1-04651-7, on or about January 27, 2015 (Sentenced to 29 months in custody);

One Count of *Taking a Motor Vehicle Without Permission in the Second Degree,* in King County Superior Court, Washington, under cause number 14-1-03638-4, on or about January 27, 2015 (Sentenced to 29 months in custody);

One Count of *Taking a Motor Vehicle Without Permission in the Second Degree,* in King County Superior Court, Washington, under cause number 14-1-04763-7, on or about January 27, 2015 (Sentenced to 29 months in custody); and

One Count of *Taking a Motor Vehicle Without Permission in the Second Degree,* in King County Superior Court, Washington, under cause number 14-1-04442-5, on or about January 27, 2015 (Sentenced to 29 months in custody).

Plea Agreement - 9
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    Counts 1, 5 and 7 group together (the "Fraud Group"), and that Count 8 constitutes a separate group (the "Firearms Group"), pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2.

    b.    Count 7 supplies the highest offense level of the Fraud Group, *i.e.*, the base offense level is 7, pursuant to U.S.S.G. § 2B1.1(a)(1) and there is a 2 level increase because the offense involved 10 or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i).

    c.    Count 8 is the sole count of the Firearms Group. The base offense level is 14, pursuant to U.S.S.G. § 2K2.1(a)(6).

    d.    The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead

Plea Agreement - 10
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentence Recommendation:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a term of imprisonment within the applicable Guidelines range, as determined by the Court at the time of sentencing. The Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Mercer Island Police Department Case No. 2022-11515 and Snoqualmie Police Department Case No. 23S-0587.** In exchange for the Defendant's guilty pleas in this case, the parties understand that the King County Prosecutor's Office will not file any charges associated with Mercer Island Police Department Case No. 2022-11515 and Snoqualmie Police Department Case No. 23S-0587 or for any additional offenses known to the King County Prosecuting Attorney's Office as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to these investigations.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. The Defendant agrees to pay restitution for the offenses under Mercer Island Police Department Case No. 2022-11515 and Snoqualmie Police Department Case No. 23S-0587 as well. Defendant is aware that the United States will present evidence supporting an order of restitution for

Plea Agreement - 11
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts including the offenses listed in the reports of Mercer Island Police Department Case No. 2022-11515 and Snoqualmie Police Department Case No. 23S-0587. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

    a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

    b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates

Plea Agreement - 12
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

14. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case.

Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any property which constitutes or is derived from proceeds traceable to Defendant's commission of *Mail Theft*, as charged in Count 5. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any property which constitutes, or is derived from, proceeds traceable to Defendant's commission of *Access Device – Illegal Transactions*, as charged in Count 7, and any property used, or intended to be used, to commit the offense.

Plea Agreement - 13
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant also agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all firearms and ammunition that were used or involved in Defendant's commission of *Felon in Possession of a Firearm*, as charged in Count 8. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to: a Polymer-80 9mm caliber handgun, approximately 60 rounds of 9mm ammunition, and any other associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute, or are derived from, proceeds of the offense set forth in Count 5; constitute or are derived from proceeds of the offense set forth in Count 7, or were used or intended to be used to commit that offense; or are firearms or ammunition used or involved in the offense set forth in Count 8.

15. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Plea Agreement - 14
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

Plea Agreement - 15
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 16
*United States v.* Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

Plea Agreement - 17
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 5th day of December, 2023.

JOHNY MIXAYBOUA
Defendant

ANDREW KENNEDY
Attorney for Defendant

THOMAS WOODS For
Assistant United States Attorney

ELYNE M. VAUGHT
Assistant United States Attorney

Plea Agreement - 18
United States v. Mixayboua, CR23-103 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970