The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHNY MIXAYBOUA,<br>Defendant. | NO. CR23-103 RAJ<br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

Beginning in December of 2022 up to his arrest in May of 2023, the defendant, Johny MIXAYBOUA's full-time job was to use stolen postal keys to steal mail from the residents of King County, leaving a trail of financial and sentimental loss along the way. As the thefts increased, the United States Postal Service made the difficult decision to shut down mail service to an entire zip code, requiring residents including the elderly and disabled to physically come into the office to pick up their mail. At the time, the defendant had eleven prior convictions for either Possession of a Stolen Vehicle, Taking a Vehicle without Permission in the Second Degree, or Theft of a Motor Vehicle. The United States respectfully asks the Court to impose a total of 41 months' custody, followed by three years of supervised release. The United States requests that the Court set a separate hearing to determine restitution.



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

## I. FACTUAL BACKGROUND

On December 28, 2022, a United States Postal Service (USPS) Long Life Vehicle (LLV) #0204677 was stolen from the vicinity of 6305 South Bangor Street, Seattle, WA 98178. Security footage of the theft showed an unknown individual getting out of a dark color Toyota 4 Runner and driving away in LLV #0204677. During the theft, a postal key was stolen from the postal vehicle. The postal key accesses most cluster box units (CBU) mailboxes in the 98178 ZIP code.

After the USPS Long Life Vehicle was stolen along with the postal key, there were numerous reports of CBUs opened without damage throughout the 98178 ZIP code. On December 30, 2022, an individual used a postal key to access mailboxes at Empire View Mobile Home Park located at 5711 S 129th Street, Seattle, WA 98178. An individual affected by this theft, S.A., submitted a mail theft complaint to the United States Postal Inspection Service (USPIS). On January 17, 2023, law enforcement contacted S.A. and obtained footage from the building's security system of the incident. On the footage, an individual, later identified as Johny MIXAYBOUA, accessed the CBU using what appears to be a key. He and an unknown male placed the mail taken from the CBU in a trash bag before departing with the mail in a dark SUV, which appeared to be a Toyota 4 Runner.

On December 30, 2022, S.P. reported a CBU located at 10757 68th Pl S in Seattle was opened in the early morning hours. S.P. found a license plate on the ground with pieces of discarded mail. The license plate was WA plate AHP6370, which returned to a stolen 1998 Toyota 4 Runner from Seattle, WA.

On January 9, 2023, a CBU servicing 11421 80th Place South, Seattle WA 98178, was broken into and mail was missing. J.S., a person in the neighborhood, provided door camera footage of the incident. The footage shows an individual accessing the CBU and



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

stealing mail from within.[1] J.S. also relayed that another resident, E.H., had his credit card stolen during the incident. Victim E.H. reported his Bank of America credit card ending in x4270 was stolen. According to informed delivery, the credit card x4270 was delivered to 11421 80th Place South, Seattle WA 98178. Camera footage shows a light-colored sedan pulling in front of the mailbox at the time of the theft. Approximately two hours later, multiple transactions were attempted using the card but were not completed. The attempted transactions totaled $944.04, and are as follows:

- $858.76 charge at Car Toys Southcenter, Tukwila, WA.
- $1.00 charge at Chevron in Tukwila, WA
- $84.28 charge at Target in Tukwila, WA.

Security footage obtained for the above-mentioned transaction for the $84.28 charge at Target in Tukwila, WA shows an individual matching MIXAYBOUA's description using the self-checkout machine at the store. The credit card charge was unsuccessful, and he used cash to complete the transaction. MIXAYBOUA departed the store's parking lot in a white Hyundai Genesis Coupe; this vehicle matched the vehicle seen in surveillance footage at the 80th Place South theft.

King County Sheriff's Office Deputies reported a 2013 white Hyundai Genesis coupe with WA plate AZV8715 was reported as stolen. The registered owner reported the vehicle was stolen in the evening on January 1, 2023, 8-days prior to the mail theft incident at 11421 80th Place South, Seattle WA, the attempted transactions mentioned above. This vehicle description matches the vehicle used by MIXAYBOUA at several mail theft incidents in the early part of January 2023.

On January 17, 2023, two LLVs were stolen in Seattle, WA. LLV #0240237 was stolen from 3000 Beach Drive SW, Seattle, WA, 98116 at approximately 2:25 PM. The

[1] Due to the poor quality of the footage, it cannot be ascertained whether this person is MIXAYBOUA or not.



UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
(253)428-3830

second LLV theft, identified as LLV #0226180, was stolen from 3631 57th St SW, Seattle, WA 98116, at approximately 2:32 PM.

Home security footage was obtained from J.C. related to the LLV thefts. Upon review of that footage, an individual matching MIXAYBOUA's description was observed driving LLV #0240237. He parked the LLV in front of J.C.'s residence. This is the location at which the LLV was eventually recovered from. At approximately 2:31 PM, the video shows a person matching MIXAYBOUA's description transferring mail and parcels from the LLV to a purple Ford Ranger pickup truck with a black canopy ("the Ford Ranger").

Seattle Police Department informed USPIS about two witnesses who observed two individuals moving mail between a pickup matching the Ford Ranger's description and another vehicle. Law enforcement interviewed witness J.S. and K.M. via phone who observed an individual matching MIXAYBOUA's description and another person transferring mail between the Ford Ranger and a red Ford Mustang on the 5900 block of 37th Ave SW, between 2:30 PM and 3:00 PM.

During the LLV thefts, victim E.K.'s credit card ending in x8915 was stolen. Shortly after the incident, victim E.K. reported multiple charges had been made on her credit card, totaling $645.18.

- $63.76 charge at Chevron in Seattle, WA 98106.
- $206.55 charge at Junction True Value in Seattle, WA 98116
- $374.87 charge at By and By, a skate shop in Seattle, WA 98106.

Security footage from Chevron and Junction True Value was obtained for the transactions. The Chevron footage showed a person matching the description of MIXAYBOUA attempting to purchase cigarettes before purchasing gas for a red Ford Mustang (WA-CBL0125, "the Ford Mustang") with victim E.K.'s credit card at approximately 4:19 PM. Per the security footage, at approximately 4:50 PM,



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

MIXAYBOUA arrived at Junction True Value in the Ford Mustang and used victim E.K.'s credit card to purchase $206.55 worth of items. The Ford Mustang seen on the footage with MIXAYBOUA as the driver matches the second vehicle the witnesses described during the mail transfer on the 5900 block of 37th Avenue SW.

*MIXAYBOUA at Chevron on January 17, 2023 using Victim E.K.'s credit card*

*MIXAYBOUA at Chevron on January 17, 2023, with Ford Mustang WA-CBL0125*

MIXAYBOUA's booking photos show skin discoloration around on his face, arms, and hands, in addition to several distinctive tattoos on his forearms. The January 17th Chevron security video captured footage of MIXAYBOUA during the attempted




bank card transaction, which showed several tattoos in the same place as the jail booking photo, as well as skin discoloration on his hands and forearms. Footage later obtained from Snoqualmie Casino, showed similar skin discoloration around the eyes which matches the jail booking photo for MIXAYBOUA.



UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
(253)428-3830

*MIXAYBOUA Jail Booking Photo (March 2022)*



*MIXAYBOUA at Chevron on January 17, 2023*

On January 30, 2023, at approximately 3:14 PM, LLV # 3300436 was stolen from outside 2040 S Columbian Way, Seattle, WA, 98108 and abandoned a short time later at the intersection of S Dawson and 20th Avenue S. Security footage of the theft was obtained from J.A. The footage shows an individual matching MIXAYBOUA's description walking around the LLV before getting inside and driving away. (See photo below).



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830



*MIXAYBOUA walking near LLV on January 30, 2023*

*MIXAYBOUA approaches LLV door at 3:16:44 PM*



*MIXAYBOUA walks behind the bush and the door of the LLV opens at 3:16:49 PM. Five seconds later.*



*At 3:17:02 PM, MIXAYBOUA drives the LLV away.*

Beginning on or about January 30, 2023, there were several incidents of mail theft reported to the Snoqualmie Police Department. On January 30, 2023, resident J.J. reported his mail was stolen from his CBU by an individual driving a red Ford Mustang.



UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
(253)428-3830

J.J. shared home security footage showing a red Ford Mustang at the mailboxes during the theft. Because mail theft suspects often go to casinos after mail theft incidents in order to immediately use access devices (i.e., credit/debit cards) they have stolen, law enforcement went to nearby casinos to check surveillance footage. Inspectors contacted Snoqualmie Casino security to see if the red Ford Mustang or MIXABOUA had recently been there. Casino security located surveillance images on the same date, showing a person matching the description of MIXAYBOUA arriving at the casino in the red Ford Mustang. MIXAYBOUA enters the casino and makes several unknown ATM transactions before departing in the Ford Mustang. Based on the driving time from the mail theft incidents and MIXAYBOUA's arrival at the casino, it is believed he is the same suspect seen on the security video provided by J.J.

On February 3, 2023, Postmaster D.E. contacted USPIS to report open mailboxes in Snoqualmie. Since there was no reported damage to the mailboxes, it was likely a counterfeit or authentic postal key being used to access the boxes.



*MIXAYBOUA seen opening CBUs in Snoqualmie with the red Ford Mustang.*

On February 8, 2023, victim S.T. reported to the Snoqualmie PD their Target store credit card was stolen and activated without their permission. USPIS obtained security footage and receipts for those transactions. The footage showed a person matching MIXAYBOUA's description exiting the store located at 2800 SW Barton Street, Seattle, WA 98106, after using victim S.T.'s credit card on February 7, 2023. MIXAYBOUA purchased $2,343.72 worth of items using victim S.T.'s credit card.



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830



*MIXAYBOUA at Target on SW Barton Street after using Victim S.T.'s credit card*

During the investigation, USPIS Inspectors routinely surveilled addresses associated with MIXAYBOUA to identify his current residence. On March 8, 2023, a person matching MIXAYBOUA's description was observed outside a particular residence in Tukwila, Washington. Law enforcement observed MIXAYBOUA getting into a black Audi coupe with tinted windows. The license plate was obscured.

On March 28, 2023, another LLV was stolen from Empire View Mobile Home Park at 5711 S 129th Ave, Seattle, WA 98178. Security footage was obtained from the property manager, S.A. The footage showed a black Audi coupe ("the Audi") pull up alongside the LLV and then two males exit the Audi. One of the males, who matches MIXAYBOUA's description, gained entry into the LLV through the driver's door, and





UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
(253)428-3830

drove away while the other male followed in the Audi. The Audi appeared to have a tinted bubble covering obscuring the rear license plate. This matches the description of the Audi that law enforcement observed MIXAYBOUA driving on March 8th, 2023.

*MIXAYBOUA outside the LLV before the theft at Empire View Mobile Home Park on March 28, 2023*

On March 29, 2023, USPIS identified MIXAYBOUA as the suspect in a Kirkland Police Department mail theft case. MIXAYBOUA used a stolen WA COVID-19 Immigrant Relief prepaid credit card in transactions totaling $3,074.42 between approximately February 22 and 25, 2023. One purchase occurred at Staples in Redmond, WA on February 23, 2023. A copy of the receipt from Staples management, which lists a Google Chrome book, a Brother brand printer, and check stock among the items purchased. These items may be used by criminal entities to forge checks. Suspects will use information of persons and businesses obtained during mail theft, as well as copying information from stolen checks onto new check stock, to commit financial crimes and steal money from a person's or business's bank account.

On April 16, 2023, MIXAYBOUA was seen at the Tukwila residence at approximately 6:10 PM. While there, he removed items from a gray/silver Kia Sportage with a possible temporary license plate in the rear window ("Kia Sportage"). He then brought the items inside the residence. MIXAYBOUA was seen wearing a dark colored "Givenchy" sweatshirt.



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830




*MIXAYBOUA outside Target Residence on April 17, 2023. He is wearing the "Givenchy" sweatshirt."*

On April 18, 2023, Lake Forest Park Police obtained security footage from Woodland North Apartments located at 3611 NE 155th Street in Lake Forest Park, WA. The footage showed an individual matching MIXAYBOUA's description in the same "Givenchy" sweatshirt stealing mail from the apartment's CBU using what appeared to be a key. The theft occurred at approximately 3:42 AM.



*MIXAYBOUA at a CBU in Lake Forest Park, WA on April 18, 2023. The "HY" on the "Givenchy" sweatshirt is visible.*



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

On May 1, 2023, at approximately 8:58 PM, a person matching the description of MIXAYBOUA entered an apartment building in Seattle, WA, the Angeline Apartments located at 4801 Rainier Ave S. On May 3, 2023, K.B. provided building security footage of a mail theft incident involving MIXAYBOUA. On this same date, law enforcement observed through surveillance, MIXAYBOUA brandishing what appeared to be a firearm on surveillance footage at the Tukwila residence. It shows MIXAYBOUA exit a vehicle with the firearm in his hands and walk towards other individual standing around. He then gestures with the firearm in his hands before placing it in his pants.

On May 24, 2023, MIXAYBOUA was arrested after a brief foot chase. During the pursuit, MIXAYBOUA ditched a 9mm Polymer-80 ghost gun into the bushes. It was eventually recovered with a loaded . Surveillance footage nearby shows the defendant ditching what appears to be the gun in the general vicinity of where it was eventually located. Also, the passenger of the car MIXAYBOUA was in prior to being arrested confirmed the defendant carried a gun and provided a matching description to law enforcement.

During a post-Miranda interview, the defendant confessed to stealing mail and said that he used postal keys (authentic and counterfeit) to steal mail. He also stated that he activated bank cards found in the stolen mail and used them to purchase items. He denied possessing a firearm, but admits to having sold one a few weeks ago to support a drug addiction. A search warrant for the car that MIXAYBOUA was in at time of arrest











UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

was executed a few days later. Agents recovered approximately sixty rounds of 9mm caliber ammunition, stolen mail, and credit cards that did not belong to MIXAYBOUA.

*Photos of "Ghost gun" retrieved after arresting MIXAYBOUA after a short pursuit on foot.*

## II. STATUTORY PENALTIES

*Theft of Government Property*, as charged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 641 carries a maximum term of imprisonment of up to ten (10) years, a fine of up to two-hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one-hundred dollars ($100).

*Mail Theft*, as charged in Count 5 of the Indictment, in violation of Title 18, United States Code, Section 1708 carries a maximum term of imprisonment of up to five (5) years, a fine of up to two-hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one-hundred dollars ($100).

*Access Device-Illegal Transactions*, as charged in Count 7 of the Indictment, in violation of Title 18, United States Code, Sections 1029(a)(5) and 1029(c)(1)(a)(ii) carries a maximum term of imprisonment of up to fifteen (15) years, a fine of up to two-hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one-hundred dollars ($100).

*Unlawful Possession of a Firearm*, as charged in Count 8 of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1) carries a maximum term of imprisonment of up to fifteen (15) years, a fine of up to two-hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one-hundred dollars ($100).



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

## III. THE SENTENCING GUIDELINES CALCULATION

The defendant has significant criminal history dating back to as young as fourteen years old. Once he turned eighteen years old, the defendant continued to accumulate criminal convictions, mainly consisting of Possession of Stolen Vehicles, Theft of a Motor Vehicle, and/or Taking a Motor Vehicle without Permission in the Second Degree. PSR ¶¶ 56-66. In 2016, the defendant was convicted of Possession of a Stolen Vehicle and Bail Jumping. PSR ¶64. In that case, the defendant was observed driving a stolen vehicle. When he was arrested, he was found to be in possession of three shaved keys and a punch tool, which is used to break tempered glass windows (i.e., car windows). The defendant was ultimately sentenced to a Drug Offender Sentencing Alternative (DOSA) for substance abuse treatment but failed to report as ordered. *Id*. Approximately a year after being ordered to the DOSA program, the defendant was arrested for Theft of a Motor Vehicle and Possession of a Stolen Vehicle. PSR ¶ 66. The defendant was ultimately sentenced to 43 months in custody to be served consecutive to a revoked DOSA sentence for which he had failed to report. *Id*.

Given this history as outlined in the PSR, the United States believes the defendant's total criminal history score is twenty-four (24) and that his criminal history category is VI.

In this case, the counts are not grouped together. Counts 1, 5, and 7 are grouped together because the offense behavior was ongoing and continuous in nature. PSR ¶ 32; U.S.S.G. §3D1.2. Count 8 is not grouped. *Id*.

The United States submits that the counts grouped together (Counts 1, 5, and 7) carry a base offense level of 6. U.S.S.G. §2B1.1(a)(2). There is an increase of six (6) levels because the loss exceeds $40,000, but was less than $95,000. U.S.S.G. §2B1.1(b)(1)(G). Additionally, there is a two (2) level increase because the offenses



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

involved ten (10) or more victims. U.S.S.G. §2B1.1(b)(2)(A)(i). The adjusted total offense level for this group is fourteen (14).

Count 8, Unlawful Possession of a Firearm, is not grouped together. In the plea agreement entered by the parties on December 5th, 2023, the Government and the defendant agreed on a base offense level of fourteen (14), but still allowed room for each party to present arguments regarding the applicability of all other provisions of the guidelines. U.S.S.G. §2K2.1(a)(6). During the preparation of the presentence report, probation determined that the base offense level should be twenty (20) because the gun possessed by the defendant was a semiautomatic firearm capable of accepting a large capacity magazine. U.S.S.G. §§2K2.1(a)(4)(B)(i)(I) and (a)(4)(B)(ii)(I). More specifically, the firearm possessed by the defendant was a semiautomatic firearm with an attached 17-round magazine (as pictured above). The defendant objects to this application by probation. The Government, upon further review of the firearm itself and the applicable guideline sections, determined that probation was correct and had no objections to their calculation. More specifically, the Guideline application notes for §2K2.1 state, "a semiautomatic firearm that is capable of accepting a large capacity magazine means a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition…" Here, it is quite clear that the gun possessed by the defendant had the capacity to hold more than 15 rounds of ammunition.

Therefore, after grouping, the combined adjusted offense level as calculated by the Probation office is twenty-one (21). PSR ¶ 51. After acceptance, the total offense level is eighteen (18). PSR ¶ 55. As a result, with a criminal history category of VI, the defendant's guidelines are 57 to 71 months.



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

If the Court does not find that the base offense level for Count 8 is 20, but instead finds that the base offense level is 14, then after acceptance, the total offense level would be thirteen (13). As a result, with a criminal history category of VI, the defendant's guidelines would be 33 to 41 months.

## IV. FACTORS RELATED TO SENTENCING RECOMMENDATION

The Court considers not only the advisory sentencing range calculated under the United States Sentencing Guidelines, but also the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

## V. THE UNITED STATES' SENTENCING RECOMMENDATION

The United States respectfully submits that 41 months' imprisonment is appropriate both as product of the sentencing guidelines and after consideration of the factors enumerated in 18 U.S.C. § 3553(a), specifically, the nature and circumstances of the defendant's offenses, his history and characteristics, and the need for the sentence to protect the public from further crimes of the defendant.

To begin, the nature and circumstances of these offenses merit a significant period of incarceration. The defendant stole not only postal vehicles and mail, but he also stole the sense of security and trust that the citizens of King County have in their mail system.



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

Along the way, he left a trail of destruction in the form of financial loss, anxiety, and frustration. This impacted the community for months as law enforcement worked around the clock to track him down. The defendant's actions caused significant disruption to the mail service that we all take for granted at times. Individuals who relied on the mail for medication, medical supplies, food, and financial documents (i.e., checks), were all of sudden asked to physically come into the post office to pick up their mail because they had to shut down service due to the defendant's actions. The elderly and disabled were forced to line up and retrieve their mail causing a significant hardship for many residents. Given the nature and circumstances surrounding these offenses, a 41-month sentence is justified.

Next, a review of the defendant's history and characteristics also supports the imposition of a 41-month sentence. Despite being only 27 years old, the defendant has a long history of criminal convictions consisting primarily of felony theft. It appears that substance use addiction is driving the defendant's behavior. The defendant has been afforded opportunities in the past to address his addictions in the form of a Drug Offender Sentencing Alternatives (DOSA) but has not been able to take full advantage of what that program has to offer because he ends up either absconding from supervision or remain out of compliance with the supervision conditions. The defendant's entire adulthood revolves around a life of theft as detailed in his criminal history dating back to 2014 when he was 18 years old and committed the crime of Taking a Motor Vehicle in the Second Degree. In each conviction, the defendant was sentenced to a period of confinement, but that seemed to do little to deter him from future thefts. The longest period of confinement that the defendant has undergone for a conviction was 43 months, which was issued in 2018.

Lastly, the need to protect the public from future crimes of the defendant supports the requested sentence. As mentioned by probation, the defendant poses a significant risk



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

of physical and economic harm to the community. The felony theft convictions including the offenses before the court have had harsh impacts on dozens of individuals who have fallen victim to his actions. What is even more concerning here is what appears to be an escalation of behavior by possessing a "ghost gun" with a loaded magazine clip inserted. This shows that the defendant was potentially willing to use deadly force in the furtherance of his criminal enterprise. This behavior is disturbing and the need to protect the public supports the sentence being recommended.

At the same time, we recognize that the defendant's upbringing was quite tumultuous. It appears at the age of 14, he was expelled from high school after he brought a stolen car to school. PSR ¶ 77. It appears this was really the beginning of the defendant's downfall. Shortly thereafter, he started running away from home, engaged in criminal activity, and started abusing methamphetamine. His relationship with his family deteriorated. *Id*. Essentially, the defendant was left to fend for himself and never really had a stable living environment since the age of 14. These are all factors that weighed into this recommendation.

Balancing these factors, a 41-month sentence is sufficient, but not greater than necessary, to promote respect for the law, provide just punishment, and deter the defendant from committing further crimes. The United States, after having had a chance to review the PSR, is joining in the recommendation outlined by probation and recommending 41 months, in recognition of the defendant's willingness to accept responsibility and other mitigating factors present. It is our hope that, this time, when he releases from prison, the defendant takes his rehabilitation far more seriously and turns away from committing similar crimes in the future.

//

//

//



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253)428-3830

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to sentence the defendant to 41 months in custody, followed by three years of supervised release. The United States also asks the Court to impose the special conditions set forth in Probation's Sentencing Recommendation.

DATED this 1st day of March 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/* Elyne Vaught

ELYNE M. VAUGHT
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA, 98402
Phone: (253) 428-3830
E-mail: Elyne.Vaught@usdoj.gov